**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **J.M.L.,** | : | **CIVIL ACTION NO. 1:26-CV-2399** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **JESSICA SAGE, WARDEN of FCI Lewisberg,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner J.M.L., seeking his release pending removal proceedings. J.M.L., a citizen of Peru, is proceeding anonymously in this matter, which prevents the court from inquiring into his status with the Executive Office of Immigration Review, but note that the record shows J.M.L. was found removable by an immigration judge on June 15, 2026, but remains detained without removal. (Doc. 8-4).

The Government candidly admits that the case is controlled by recent Third Circuit precedent in Gabriel Buele Morocho v. Warden, Philadelphia FDC, et al, Civ. No. 26-1150, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In that decision, the court explained the BIA's rule interpretation—that individuals such as J.M.L. were necessarily applicants for admission, as articulated in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025)—was an incorrect interpretation of the governing statutes. Morocho, 2026 WL 2546223 at *3-*5. The court explained individuals such as J.M.L., who were not "engage[ed] in an ongoing affirmative act to

seek admission to the United States" were not subject to Section 1225(b)(2)(A), but rather, Section 1226(a). Id. at *4. The government does not argue here, nor are there facts on the record to support, that J.M.L. was seeking admission when detained. Therefore, because Morocho is binding upon this court, the court considers this petition as arising under Section 1226(a).

In this light, it is apparent that the three-factor test from Matthews v. Eldridge applies. 424 U.S. 319, 355 (1976). That test asks the court to consider "(1) the private interest that will be affected by the official action, (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Morocho, 2026 WL 2546223 at *9 (citing Mathews, 424 U.S. at 335) (citation modified). The first factor plainly favors the petitioner here, as mandatory detention implicates his "constitutionally protected interest in avoiding physical restraint." Kansas v. Hendricks, 521 U.S. 346, 356 (1997). As to the second factor, the fact that J.M.L. has been detained without an opportunity for a neutral decisionmaker to assess if he is dangerous "presents a high risk of erroneously depriving Petitioner[] of [his] liberty interest." Morocho, 2026 WL 2546223 at *9. The third factor, unquestionably, weighs in the government's favor, as the government has a strong interest in securing dangerous detainees, or those likely to flee. But where, as here, there are no

allegations of criminality nor any specific reason to suspect petitioner is a flight risk, this factor does not outweigh the first two. Id.

The court therefore concludes that the proper outcome in this matter is for J.M.L., who has no criminal history and has been detained with no bond hearing, to be immediately released from ICE custody. This comports with the result of Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Morocho, 2026 WL 2546223 at *10. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania